Thank you, Your Honor. This is Martin Vogelbaum for Defendant Appellant Abdul Rasheed. Mr. Rasheed brings four major points of error to this court today. First, that he did not escape in the venue of Western District of New York as alleged by the government. Second, the nature of the crime of escaping, leaving custody without permission as the jury here was instructed, and the manner or acts constituting that offense as alleged by the government being leaving the extended limits of his confinement, escaping from confinement at a residential reentry center, or escaping custody imposed by virtue of a judgment for a violation of supervised release for the Western District of New York. None of those acts actually took place in the Western District of New York. Excuse me, are you speaking as directly into your phone as you can? Because your voice is coming across a little fuzzy. If you can speak more directly into the phone, that would be good. Sure. Is this better? A little better. Thank you. Okay. Second, that Mr. Rasheed was denied a fair and impartial jury. He was entitled to have a jury that was both able and willing to decide the case against him based solely on the evidence presented in court and entered into evidence. Instead of that happening, what happened was that Mr. Rasheed was brought into the presence of the jury on more than one occasion, accompanied on either side by the United States Marshals, and the district court not only permitted that to happen, but then highlighted his custodial status by instructing the jury that, in fact, he was in custody, but that that should play no role in their deciding his guilt or, quote, non-guilt. Third, Mr. Rasheed's criminal history category and ultimate guideline sentencing range were computed using criminal history points from prior sentences that were for offenses that were relevant conduct to his infant federal offense of escape, namely some crimes that took place in Philadelphia, which were roughly contemporaneous with the escape and which, in fact, facilitated his evasion of responsibility and capture for it. And fourth and finally, that Mr. Rasheed was ordered to contribute to the cost of mental health and substance abuse counseling services without the district court first making a finding that there were funds available for him to do so, clarifying that that responsibility was contingent on his ability to pay or making explicit any provision for judicial review of any specific payment determination made by the probation department. And with that, I will wrap up my prepared remarks and if the court has questions. Any questions? Judge LaValle, any questions? Anybody else can go first. Yes, counsel, section 4082 says willful failure to remain within the extended limits of confinement. And here, the indictment charged Mr. Rasheed with that and attempting to Western New York residential reentry center. So why isn't that enough for venue in the Western district? Well, I think it's a particularly peculiar way that the manner in which this indictment is charged interlocks with the way the evidence came in in this case. Can you explain what that means? Hello, Mr. Vogelbaum? Ms. Rodriguez, can you tell us if Mr. Vogelbaum is still online? Yes, I see his number, Judge. Maybe he's on mute or something. Mr. Vogelbaum, are you on mute? I'm not on mute. Let me try a speaker. I just switched to speaker. Is that better? Yes, that's better. I can't hear you fine. Yes. Okay. Go ahead. Would you answer the question from Judge Parkin? Yes. So I think that leaving the extended limits of confinement without permission is really sort of the operative language. And as Councillor Callison described that, the order that was given that USP Lee and Mr. Rasheed was to follow a certain itinerary, both geographically and sort of temporarily, I guess you would say, with the ultimate terminus being this residential reentry center. So in terms of what was his legal obligation, it was to obey what limits of confinement was he to observe, they were the ones that were defined by that itinerary. And so for venue purposes, the question becomes, since Councillor Callison described him as being in the custody, you know, of the constructive custody of USP Lee up to and including the time he reported, is where and when did he deviate from that itinerary? Actually, I believe it's really that he's in the custody of the Attorney General of the United States while on furlough. Well, I think that's right. But this question, that's still for venue purposes. I don't disagree with that. But the question still becomes where and when did he deviate from the limits of that custody? There has to be some evidence to support venue in the Western District of New York, that the deviation from that custody actually took place in the Western District of New York. So your view is that the only place venue would lie is Pittsburgh or wherever he got off the assigned path. Or I think under a case like Wilson, which was a case actually, I think first cited by the government, which is the case where the individual is first incarcerated at Butner and is then taken to Nevada under the and doesn't return to Butner. Since the court finds in that case, the Fourth Circuit, that he was in the constructive custody of Butner the entire time, and that he was just sort of on loan to the Nevada authorities. And I think he could also have been prosecuted under that kind of a theory in the Western District of Virginia. Particularly given the language of the documents, um, that he, you know, assigned and agreed to an officer counts and described. So what are we what are we to make of the phrase extended limits of his confinement? Why doesn't the reentry center, the Volunteers of America Center, comprise the extended limits of his confinement? Well, I think, I think that is the sort of that is the terminal point of the extended limits of his confinement. In other words, if he had actually showed up there, or showed up on the doorstop, and then left, there's no question that venue on an extended limits of confinement theory, undoubtedly would have been proper in the Western District of New York. But isn't one one issue, his failure to remain within the extended limits of his confinement, and if the Volunteers of America is part of that, then why, as a matter of venue, wasn't it appropriate to construe his failure to remain as failing to remain at the DOA? Well, I think that the I think that the statute actually distinguishes in the between the failure to remain, and the failure to return kind of prongs of 4082, and construed failure to remain as really describing an affirmative act. And so as opposed to failure to return, which is more of a failure to report theory, the omission of an act which one is obliged to do somewhere as in the Johnson case, the Selective Service case. But in this case, you know, I think it is charged as failure to remain. And that involves an affirmative act. And it seems a stretch to me to construe, you know, having already obviously based on the evidence deviated from the furlough itinerary, it seems a stretch to me to then construe, in some sense, that failure to remain to remain phrase as, as passively applying to someplace where it was clear on the evidence, he was never going to go, basically. It was my impression, you were talking about the Wilson case a moment ago, I believe. And it was my it was my impression, I'm not certain of this, but it was my impression that the Wilson case sustained the proprietor, the propriety of a venue of the trial, and was not a case that overturned by reason of improper venue. Am I correct about that? I think that's right. I think his objection was that he was tried in in the I guess it would be North Carolina where partner is, rather than in Nevada, where he was mistaken released by mistakenly released by state authorities. Yes, but I mean, one problem is that a, a finding that venue is proper in one in one district that that's involved in the scenario doesn't mean that others are not proper. And the in a case like this, a case like many of these, there are many proper districts. If he if there was a basis for finding that he, that he that he left that he never, never was in New York, which was one of the destination points and or that he that he left New York or never got there. I mean, it seems to me that that any one of a number of districts in this case would be a proper place to prosecute. If it could be shown that he was not there when or never went there or left there in an inappropriate manner, including the place that he was designated to arrive to. I suppose I just respectfully disagree again with your honor. I mean, I do think that that's the distinction that the eighth circuit is getting to in the Ray case, which is the difference between, you know, sort of the affirmative act of breaching the limits of confinement and where that takes place as the act constituted of the crime of escape versus the passive act of not reporting at a specific place where one is ordered to report, which is, you know, would fall under the failure to return prong of 4082, which was not charged in this case. But nonetheless, I mean, do you have any precedent that supports your, your position? Because a case that simply says that that a district that's consistent with your argument that holds consistently with your argument that such a district is a proper district doesn't mean that others are not proper. No, I agree with that. And I don't think that between the two of us, the government nor I has found a case, which is held that in in on an escape charge, there is only sort of there is only, you know, one exclusive potential district of prosecution. In fact, am I, am I right, Mr. Bogoban, that there are no circuit opinions outside of our circuit or within our circuit that support that directly support the contention that you're making? Not directly supported. I think the closest one would be Ray, which does make this distinction between affirmative, between affirmative conduct and mere omission. And there is there is, of course, I'm trying to think and now the name of is escaping me a Supreme Court case excited in the government's brief, which involves a gentleman who was a union representative who was to file some forms with in the District of Columbia. And the question becomes in that case and make some false or allegedly false statements on those forms. And the question becomes in that case, you know, what is the venue for proper district of what's the proper district of prosecution? Can it be Colorado or, and District of Columbia or District of Columbia alone in the an agency or jurisdiction of the United States that, you know, the exclusive jurisdiction in which it can be prosecuted in District of Columbia, because it's the filing of the statements that matter. Mr. Bogoban, so unless Judge Bavar or Judge Park have got further questions, I've just got two quick housekeeping almost matters. First, as to the criminal history issue, do you agree that plain error review applies? I think that I think the more appropriate standard, I can't, obviously, the exact argument that I've made on appeal was not made below. So some form of plain error, some form of plain error applies. I would contend that it should be soft because there was this extended discussion of whether, you know, simply by virtue of being done during an escape, everything becomes relevant in context. So the court clearly understood that that issue was in play, notwithstanding the fact that it wasn't. With respect to the cost of contribution condition, why is that white today? Because what's at issue there is really two things. The statutory authority of the court to enter such an order, first, without having made some kind of a finding of ability to pay, which are of availability of funds, I guess, is really the language of the statute, which wasn't done here. And so it's really a question of legality of the of the order to pay period, full stop, val non. And also, you know, in terms of the reason whether that condition is reasonably related to the purposes of sentencing, the congressional scheme dictates the court is supposed to make that determination at the time of imposition of sentence, which necessarily involves the finding, which wasn't done here. So he's under the law. I just love all the judge part two observations about the about the point you were just making about ability to pay. First of all, a kind of a question, I guess, how could the court now make the determination that you're saying should be made? And second, is there do you argue that there's any doubt that he would that he would have the ability at the time when this becomes pertinent at the time when when he is called upon to make some contribution towards the expenses of the of the therapy that he would be able to go before the judge and and ask the judge to make the determination that he just does not have the financial resources to make the payment? So I think as to your first question, the answer is, is it varies by case? I mean, clearly, there are going to be some cases, maybe a white, a minor, you know, white collar case, or something like that. Talk about this case. Okay, in this case, it's a multimillionaire, one can assume the ability to pay. But if he's penniless, one cannot make the make that prediction as to the future, given that he was instructed that he should obtain employment at that time. Right. And my position would be that is that in that situation, the appropriate course is not to enter a condition in order that is in contravention of the statute of really two statutory requirements. But rather than placing the onus on the inmate to come back after 20 years or whatever and seek a modification of that condition is simply not to enter. And I don't want to sound too accusatory. And that's not my intent, but simply not to enter an order that isn't in statutory compliance to begin with, because after all, the court has exactly the same ability and probation has exactly the same ability to seek an appropriate modification at an appropriate time that determination can be made. So I think the issue before the court is whether where that onus lies, should we permit the imposition of a condition that can't be justified by the court, even though should it become necessary or apparent that it could be justified at some future date, the court could then do it then? Or do we place that burden on the inmate? And in this case, I'm sorry, I don't judge just to the second part of the question. I don't think this guy is going to do 23 years in Pennsylvania, presumably, then he's got the consecutive federal sentence. And he's not that much younger than I am. So he's in his 40s. Realistically speaking, is there any likelihood that this guy is going to be able to get gainful employment, sufficient to contribute to these services, if he's physically capable of undertaking them, or still in need of them even at that point? Probably not. Oh, is it? What is the law with respect to his ability to go before the court to raise the issue? Assuming that he's told pay $10 a month towards whatever or, or pay more than that? What is the state of the law with respect to his ability to go before the judge to raise the question that you say needs to be answered? Well, I think I think he could seek a modification and I'm forgetting the subsection of 3583, you'll forgive me. But, but again, you know, the question that's presented here is not whether any ultimate financial determination will be something that he can bear. Or should, in the first place order such a condition without being able to make appropriate findings. Okay. We'll hear you. You've reserved some time for rebuttal. We've kept you well past your time. We'll hear from the government. Thank you. Thank you. Good morning. May it please the court Catherine Gregory, Assistant US Attorney representing the government in this matter. Can, can everyone hear me? Okay. Yes. Yes. Okay, great. I'd like to start with venue. This is much less complicated than the appellate tries to make this issue. As this court well knows venue is not an element of the offense venue is not jurisdictional. And then you can be in any district where the charge defense began, was continued or completed. So this is a straightforward inquiry here, where she's confinement as outlined in the agreement that he signed as charged in the indictment. And as explained by the witnesses at trial was in Rochester. The only place he was authorized to be confined at the end of his transfer period was the VLA in Rochester. So the escape didn't really occur when he walked away from the bus. It was when he wasn't at his designated place of confinement by the end of that transfer period, which again, was the VLA in Rochester. And several other circuit courts have reached that conclusion that when an inmate escapes during a transfer, the appropriate venue or an appropriate venue is the receiving district. So the overachiever in the ninth circuit, Ray, the eighth and Wilson, the fourth of page 15 of our brief. And I would just note that it's, it's, I think some of the distinctions between the failure to report versus whether it was an escape is a little misplaced because the fact sections in overachiever and Ray are very lacking. I think overachiever is about three sentences long. So it's difficult to distinguish those cases from this one, just because there's a little bit of a lack of detail, but the idea is on point and Rasheed's focus on where exactly he left his designated route is misplaced. He insists that the escape was leaving the boundaries of his itinerary, but that's not what he was charged with or what the evidence showed. The indictment charged him with failing to be within his place of confinement between March 1st and October 9th, roughly seven month period. And it specified that place as the VOA. Now I, I saw this brief and I've heard an argument that this, he thinks this should have been charged as what he calls a failure to report, but putting aside that he has made no sufficiency or jurisdictional arguments regarding the indictment, this was an unscored transfer, not a self-surrender. So if we look at the testimony from Brandon Colton and Jody Burgess, the entire time he was in the custody of the Bureau of Prisons from the time he was at USP Lee, even on the bus, I think there was an exchange with the trial AUSA asking, so anyone on a Greyhound could be sitting next to an inmate? And the answer was, yes, you just don't know. And, and Rasheed would have been an inmate through the end of his sentence at the VOA. So the witnesses confirmed that this was a transfer, he was an inmate, and it just defies logic to say that unless you could demonstrate where he stepped off the bus, you couldn't prove venue anywhere. That would essentially make it an element of the offense, which it isn't. So I'll note by the way that Rasheed points to no hardship, no prejudice, nothing about venue in the Western District of New York that proved detrimental to his defense. And the issue wasn't even raised until the close of the government's case. I see that my three minutes has expired. So I can take questions on this and move on to another issue. This is Judge Park. Could I ask you, I'm sorry. Go ahead. Judge LaValle, go ahead. Judge Park can go ahead. I'll go ahead. Go ahead, Judge Park. I was going to ask you, counsel, about the cost-contribution condition. Yes. As I understand it, the issue is that the condition contradicts the court's own finding, that Mr. Rasheed wasn't or isn't able to pay a fine. And so that the court didn't make a finding of, I think, funds being available. And in fact, to the contrary, not only did the court not make such a finding, it found to the contrary with respect to the fine. So could you address that? Sure. Of course, our primary position is that the issue is on the right. However, the district court did determine that Rasheed, and this is a quote, would not be in any position to pay a fine. However, the court used however. It did impose a special assessment and then required him to contribute to the cost of services. And I think that that's page 600, 601 of the appendix. So it was not an overly detailed finding, but he did find specifically that Rasheed won't be able to pay a fine. However, he can contribute to the cost of substance abuse services and can pay the special assessment. So that still seems to be in tension with the statute, which says that the court, whenever the court finds that funds are available, and the court didn't do that. And in fact, that would, you know, just said with or without the however, seems to indicate the opposite of that, that the funds are not likely to be available or aren't currently available. So, and as to seem to be a question of dollars and cents when upon release, but an error in the order itself to contribute without such a finding of ability to pay. Well, I think that you're, you're honored. We're on to something when the appellate was arguing, because there's no way for the district court at this point, I think it's going to be decades before he's released. When we look at the fact that he's got the state conviction to make that kind of particularized, yes, he has, you know, X amount of dollars available, and therefore he can pay by amount towards his costs. We don't, we don't know what his, what his ability, what his funds will look like in 20 or 40 years. And we don't know what the cost of treatment will be in 20 or 40 years. We don't even have what the current costs are, because no record of that was made. So the district court would have just been speculating were it to say, I think he'll have some money at the end of this, or I don't think he'll have some money at the end of this. And the thing with the cost of the contribution, it's just, I don't think that you can make that kind of detailed finding at this point, but he did point, he did, you can do it to the extent that if you have to pay a fine, for example, right now, no, because that can, that can be determined now based on his current status. You can't pay a fine. Well, that needs to be determined. So, right. Well, when, when will it be right then under, under the government's position, not until release and then there's a bill that he can't pay and then... Well, the statute, well, had, there might've been a better argument for ripeness had the record been made about the cost of treatment now. But for example, if we know that the cost treatment now is a hundred dollars a month, and I'm just, I'm just pulling out numbers as an example and that, you know, he'll be, he'll be making, you know, he'll have to contribute a dollar of that. That would be, even now we could kind of evaluate in a better position, but, but he just didn't make that record below. And the statutory sentencing scheme and the federal rules both anticipate modification at 3583E and then federal rule 32.1C. Both anticipate that there would be modification. I'm sorry. So, so if the court had done some kind of assessment of what the cost would be today, are you saying that that then would be right, even though it doesn't come due for years? I'm saying that we might be in a better position and I don't want to speculate because unfortunately, I don't believe this issue was raised in front of the district court and he did, he didn't make the record. So it complies with the statutory requirements as best it can at this point. I just, without him having made that record below, this is where we're at now on appeal, which is why of course we prefer it to be made below before the district court. But at this point it does not seem to be right because there's nothing in the record at all and he's under no obligation to pay right now. You know, Are you familiar with the Hines case from the Seventh Circuit? I didn't see it in the briefs and it seemed to be, it's not binding on us, but it seemed to be on point here where the court said that it, you know, it was, we found it troubling that similar to here that there was a cost contribution condition imposed even though there was an inability to pay. And it seems quite similar to the situation here. Is it, are you able to address that case? Unfortunately, I'm not familiar with that offhand, but I would be happy to submit something after arguments, something very short and supplemental to address that if that would assist the court. It occurs to me, Judge LaValle here, that with respect to this point, the order that the judge, that the status of the order that exists in this case is not self-executing as it might be if the judge had said, had specified an amount without making that determination. The, an order to contribute to the cost leaves completely open how much to contribute so that it can't be, it cannot be executed until at the relevant time somebody specifies either the court or probation or whoever it is, at least, at least in the initial instance, specifies some amount. And so it, I mean, it seems to me that if the court did not impose this condition at this time, it wouldn't be eligible to be imposed at a later time. It's either part of the sentence or it isn't part of the sentence. And so the court, if the court wants it to be on the table at the time, the court has to do it now, at least in an indefinite amount that raises the question for the future, how much is going to be the amount and is it, is that amount within his means to pay? Right. I would agree with your honor on that point. There, there, there is a point between putting the defendant or the appellant on notice and sketching this out for the future. But for 3583E. There's nothing, there's nothing preventing him from not, from moving to modify the condition at that point. That's right. Go ahead. No, you, if you're, I was going to move to a different subject. So if you're on this subject. That's fine. No, that's fine. Please judge alone. I was going to ask you about the court's instruction to the jury with respect to the because it's my impression that while I don't think this is something that would call for overturning a conviction. It does seem to me that it is preferable, not for the judge, not to give such an instruction, which the judge characterized as being given for the protection of the defendant, not to give an instruction that is harmful to the defendant for the defendant's whether he would like to have such an instruction given. There are many instructions that can be characterized as, as being for the protection of the defendant. But which many, many defendants would very much prefer not to have given because they tend to emphasize things that the defendant doesn't want to have called to the jury's attention. So what do you have to say on that subject? Absolutely, Your Honor. Absolutely. But the standard of review here is abuse of discretion. So this Absolutely, absolutely. What absolutely that the best that best practice may be to inquire beforehand. However, this case is entirely about custody. This I think is almost uniquely among any other kind of charge about custody. I think it's in it's in the indictment, it's in the charge to the jury. And this court's cautionary district court's cautionary instruction was just an extension of the instruction it gave about him having been convicted of a felony and instruction that he didn't object to this entire trial was about custody. So I think if ever there was a set of circumstances where knowing that he is in custody wouldn't have prejudice to jury, this is it. And importantly, let me put my let me put my to ensure that judges don't give instructions like this, for the defendant's protection, without first asking the defendant if the defendant consents to it. Respectfully, I don't know if I'm in a position to make that kind of suggestion. But I would note that in this case, the jurors were already speculating. The judge asked, you know, who's that handsome gentleman in the blue coat and a juror just volunteered, it's a marshal. So, you know, there's there was an indicate in this case, there was an indication already that jurors had an inkling of what was going on. So might it have been a better practice to to then take a pause and see how they wanted to proceed, perhaps, but it was not an abuse of discretion, which is the standard of review here. There's there's no evidence that jurors ever saw him in handcuffs. There's no evidence that they ever saw him in prison guard. And he did not make a specific showing that he was harmed by the knowledge of the jury knowledge of him being in custody, because the entire case was about custody. So without that showing of, you know, before the district court, it was it was within its discretion to conclude that a mistrial was not warranted. And you've you've already agreed, Miss Gregory, that in any event, the better, better course, the better approach, the more prudent approach was would be to obtain the consent of the defendant. I think I said it may be the better approach. I just want to be very careful. It may be a better approach. But in this case, it was it was not an abuse of discretion. Again, there was no way almost every piece of evidence in this case had the word custody in it. There was no way they could get around that. And I don't think that the defendant made any below that he was prejudiced. Anything sure is already kind of new. They were speculating there were marshals there. The court did the ward here appropriately asked, is everyone sure that this won't affect them? This shouldn't be part of your deliberation. And that should be sufficient for him to protect Rashid's right. I see my time has expired. So unless the panel has any other questions. Judge, the ball or just part. Thank you. Thank you, Mr. Vogelbaum. You've got three minutes for rebuttal. Thank you. Just three very quick points. I do want to dispute Mr. Vogelbaum. Now I can hear the something with the transmission of your voice there. Is this better, your honor? Slightly better. Yeah. I do want to dispute the notion a little bit that this order to pay or to contribute is not not a self-executing order or couldn't have been entered later. It seems to me that under 3583-2, the court certainly can expand or modify existing conditions of release or probably even add conditions of release. And so what you have here, I think, is a present obligation to contribute with only the amount of the contribution that's indeterminate. It's perfectly true that that amount could be as little as, you know, one cent per month, or it could be hundreds of dollars a month. And we just don't know. But that is a question of execution rather than an obligation. And so imposing the obligation at a time. Who would be authorized to set the amount? I think that I think that most circuits have held, and I guess I wouldn't dispute that, that subject to ultimately a judicial review, which I think the defendant would have a right to, but should be expressed in the condition as well, that probation could make that kind of at least initial administrative determination. But the actual obligation exists, and obviously probation is going to make some kind of based on the language as it exists at the time of sentencing. The second point, just regarding the instruction that was given with the jury, in understanding its abuse of discretion, and that one of your honors does not feel that it would warrant a retrial, is the sort of content of the instruction that was given. First of all, I don't think it's true to say that anybody was speculating about whether he was in custody. You know, I think the court drew attention to that, and the Supreme Court in Holbrook recognized that court security guards can draw that kind of attention. But the content of the instruction here is saying that, yes, he's in custody, but don't consider it as akin to saying, don't think about zebras. And I think if the court wanted to give some guidance, probably the better practice, which appears in a lot of cases, is to instruct the jury, if the defense still wants it, that they should simply not speculate about the reason for the presence of the Marshals at all, which is essentially what the Supreme Court said in Holbrook, which is that, you know, that can lead to a lot of inferences, not all of which reflect poorly on the defendant. And then just thirdly, on the plain error review, obviously, but primarily what we're talking here about are well-worn kind of guideline provisions. What is relevant conduct, you know, and did what happened in Pittsburgh in some way, is that completely severable from the federal offense, or did it in some way continue it or facilitate it? And so I think that in this case, clearly the provision of you know, thievery that he was convicted of, robbery that he was convicted of, while he is not able to earn a licit income or whatever, are things that facilitate and are related to the escape. And clearly something that boosts him in the entire criminal history category is something that affects his substantial rights. And by virtue of that, it does impugn the fairness of the proceedings. May I ask you just briefly, Mr. Vogelbaum, about the venue. The government brings up the fact that, notes that there was no hardship or prejudice suffered by your client in connection with having this take place in the Western Districts of New York. And I didn't see anything in your brief that identified a particular hardship. Can you tell us if there's some particular prejudice or hardship? I don't think that there is, other than the sort of lack of precision and the sort of, you know, potential, I don't want to accuse the government of anything, but the potential for forum shopping, if there's not going to be a close tether between the conduct and the event. Justice LaValle or Justice Park? Well, I'd just like to say, more or less, somewhat in support of your position on this business of the marshal accompanying the defendant into the courtroom, that the observation that a person who is seen in the courtroom coming in at the same time as the has drawn the conclusion or some members of the jury have drawn the conclusion that he's in custody isn't necessarily logical. Marshals are very often present around court proceedings. I have many, many times in my life entered, in my professional life, entered rooms accompanied by a marshal. And I don't think people necessarily... I'm glad, Justice LaValle, that you added professional to that. So the fact that somebody identified a person who came in at the same time as the defendant as being a marshal doesn't necessarily mean the jury has drawn the conclusion that he's in custody. I don't think it's of great importance in this case, but I do think it would have been better if the judge had asked the defendant before giving the instruction. And I would only note, and I appreciate that, I would only note that obviously the entire question would have been avoided completely had the defendant simply been, or could have been avoided, had the defendant been seated before the veneer was brought in, which is typically the practice in Buffalo. And I'm not sure why it isn't done that way in the Rochester division, to be honest. Any further questions, Justice LaValle or Justice Park? Not me. No, thank you. Thank you very much to each side. Very well argued. That concludes today's argument calendar, and I'll ask the clerk to adjourn court. Thank you.